**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF: THE COMPLAINT ) | |
| OF CREATIVE YACHT MANAGEMENT, ) | No. 1:14-cv-09050 |
| INC., d/b/a SAILTIME CHICAGO, ) | |
| PETITIONING FOR EXONERATION FROM ) | Judge Samuel Der-Yeghiayan |
| OR LIMITATION OF LIABILITY ) | |

## MOTION TO DISMISS COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Claimant, PEGGY M. BLENNER, as Independent Administrator of the Estate of MEGAN BLENNER, Deceased, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., and for her Motion to Dismiss the Complaint for Exoneration from or Limitation of Liability of CREATIVE YACHT MANAGEMENT, INC. d/b/a SAILTIME CHICAGO (hereinafter "SailTime") pursuant to Federal Rule of Civil Procedure 12(b)(6) states as follows:

### INTRODUCTION

1. On May 31, 2014, the AXESS, a 33-foot motorboat (hereinafter "the Boat") owned by Axess Holding Company, LLC and operated by Orest Sopka, was en route from New Buffalo, Michigan to Chicago, Illinois. Megan Blenner, deceased, Ashley Haws, deceased, and Shai Wolkowicki were all passengers aboard the AXESS. Several miles east of 31st Street in Chicago, the AXESS suffered what is believed to be a mechanical failure and began to take on water, ultimately sinking.

2. On November 11, 2014, Creative Yacht Management, Inc. filed a petition for exoneration from or limitation of liability. (Exhibit 1). Attached to said petition was a Boat Management Agreement identified as Exhibit A.

3. The Boat Management Agreement unambiguously states that SailTime was the "Manager" and Axess Holding Co., LLC was the "Owner" of the AXESS. (Exhibit A, Boat Management Agreement at p. 1).

4. The Agreement stated that neither party could obligate, bind, or act on behalf of the other party. (Ex. A at pp. 10-11).

5. SailTime brings an action to exonerate or limit its liability for the wrongful deaths of Megan Blenner, Ashley Haws, and Orest Sopka, as well as the injuries suffered by Shai Wolkowicki, by claiming that it "stands in the shoes of the 'owner' with respect to the benefits of exoneration from and limitation of liability provided for in 46 U.S.C. §§ 30501, et seq." (See Complaint, 1:14-cv-09050, Doc. #1-1, ¶ 14). In considering the legal sufficiency of a Complaint under Federal Rule 12(B)(6), courts are not obliged to accept as true legal conclusions or unsupported conclusions of fact. *County of McHenry v. Insurance Company of the West*, 438 F. 3d. 813, 818-19 (7th Cir. 2006). This court should assign no weight to this unsupported conclusory allegation.

6. SailTime is neither the owner of the Boat, nor does it "stand in the shoes" of the owner to limit its liability for negligently maintaining the boat. Thus, Sailtime cannot state a claim under the Limitations of Liability Act.

7. The Limitation of Liability Act is "very specific about applying to 'owners' and the court-created exceptions are extremely narrow and have been created for situations in which the ship owner is *directly* affected." *In re Waterman S.S Corp.*, 1992 WL 116052, at *3 (E.D. La. May 6, 1992) (emphasis in original).

7. When a plaintiff attaches to the complaint a document that qualifies as a written instrument, and its complaint references and relies upon that document in asserting its claim, the

contents of that document become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

8. When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations. *See, e.g., N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454-55 (7th Cir. 1998) (citing *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 991 (7th Cir. 1991)). In fact, a "plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir.1999).

9. SailTime attached the Boat Management Agreement to its complaint for exoneration or limitation; and this Court should consider its terms in ruling on a motion to dismiss. The Boat Management Agreement specifically disclaimed SailTime's ownership of the boat. The SailTime Boat Management Agreement states that SailTime was the "Manager" and Axess Holding Company, LLC was the "Owner" of the AXESS. (Ex. A at p. 1). The Agreement specified that it did not create any relationship between the parties other than that of "independent contracting entities", and neither party was authorized to act in the name of the other Party. (Ex. A at p. 10).

10. The contract makes clear that SailTime was never the owner of the Boat and it never "stood in the shoes" of the owner. It cannot be considered an owner solely for the purpose of limiting its liability in this case.

11. By the terms of the Boat Management Agreement, Axess Holdings Co., LLC was the sole owner of the AXESS. In light of the aforementioned, the petition for exoneration or limitation of liability should be dismissed.

12. Even if SailTime did not expressly disclaim ownership, it cannot be considered an "owner" to limit its liability in this matter because it is not apparent from the face of the pleadings that SailTime is entitled to limitation. *See Complaint of Amoco Transp. Co.*, 1979 A.M.C. 1017, 1022 (N.D. Ill. Apr. 17, 1979). In that case, the court dismissed a limitation of liability action brought by a contractor responsible for operations, maintenance, and repairs of a vessel for lack of ownership. *Id.* at 1024. The court held that the contractor failed to plead sufficient facts to show that it had "the requisite possessory, managerial, and operational control of the vessel to justify even a preliminary finding that they were 'owners.'" *Id.* Rather, the contracts indicated that the contractor was not an owner. *Matter of Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978*, 954 F.2d 1279, 1302 (7th Cir. 1992) (affirming *Complaint of Amoco Transp. Co., supra*).

13. Other courts have come to the same conclusion regarding the meaning of "owner" when limiting liability. See *Birmingham Southeast LLC v. M/V Merchant Patriot*, 124 F.Supp.2d. 1327, 1338-39 (S.D.Ga.2000); *In re Am. Milling Co., Ltd.*, 409 F.3d 1005, 1016 (8th Cir. 2005).

14. For the reasons set forth here and in the Memorandum of Law in Support of this Motion, which is filed concurrently herewith, it is not apparent from the face of the pleadings that SailTime is entitled to limit its liability, and dismissal is required.

## CONCLUSION

WHEREFORE, Claimant, PEGGY M. BLENNER, as Independent Administrator of the Estate of MEGAN BLENNER, Deceased, requests that this Court dismiss the Complaint for Exoneration from or Limitation of Liability of CREATIVE YACHT MANAGEMENT, INC. d/b/a SAILTIME CHICAGO with prejudice.

4

Dated January \_\_\_, 2015

                                        Respectfully submitted,

                                        _____
                                        Kevin P. Durkin
                                        Sean P. Driscoll
                                        Tracy A. Gibbons
                                        Clifford Law Offices, P.C.
                                        120 North LaSalle Street
                                        Suite 3100
                                        Chicago, Illinois 60602
                                        (312) 899-9090
                                        Attorneys for Claimant Megan Blenner